IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTINE STENGER,

    Plaintiff,

v.                                        Civil Action No. 5:10CV109
                                                              (STAMP)
CARELINK HEALTH PLANS, INC.
and PATRICK W. DOWD,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL MEMORANDUM RE MOTION TO REMAND;
DENYING THE PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF REMOVAL;
GRANTING THE PLAINTIFF'S MOTION TO REMAND;
AND DENYING THE PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

I.  Procedural History

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants in which the defendants assert that federal jurisdiction is pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1001, et seq., and 29 U.S.C. § 1140. On October 15, 2007, the plaintiff, Christine Stenger ("Stenger"), commenced this civil action in the Circuit Court of Ohio County, West Virginia, asserting several state law claims against Carelink Health Plans, Inc. and its former President and Chief Executive Officer, Patrick W. Dowd ("Carelink defendants" or "defendants"), including discrimination, intimidation, intentional infliction of emotional distress, and negligent infliction of emotional distress. The defendants initially removed this case to this Court on November 16, 2007. On September 26, 2008, this Court remanded the

action to the Circuit Court of Ohio County, finding that the plaintiff's state law claims were not preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as the claims did not "relate to" an ERISA benefit plan.

On October 22, 2010, the defendants again removed this case to this Court, stating that the plaintiff filed "other papers," specifically, her memorandum in opposition to the defendants' motion for summary judgment and other related pretrial filings, which, for the first time, showed that the plaintiff intended to bring an action pursuant to ERISA.  The defendants filed a memorandum of law in support of their notice of removal.  The plaintiff then filed a motion to strike the defendants' memorandum of law in support, in which they argue the memorandum in support is "redundant, immaterial and impertinent."  The plaintiff also filed a motion to remand, in which the plaintiff argues that the defendants' removal was untimely.  The defendants filed a response to which the plaintiff replied.  The plaintiff then filed a motion for leave to file a supplemental memorandum regarding her motion to remand.[1]

For the reasons set forth below, this Court denies the plaintiff's motion to strike the defendants' memorandum in support and grants the plaintiff's motion to remand.

---

[1] For good cause shown, the plaintiff's motion for leave to file a supplemental memorandum regarding the motion to remand is granted.

## II. <u>Facts</u>

Stenger is a subscriber to a group health care plan issued by Carelink Health Plans, Inc. in the state of West Virginia. Stenger alleges that she pursued an administrative claim before the West Virginia Insurance Commissioner regarding a grievance of a claim denial by Carelink, in strict accordance with the procedure outlined in her health care plan. Ultimately, Stenger's claim for benefits under her Carelink health care plan was granted in a final order by the insurance commissioner on December 14, 2006.

In her four-count complaint, Stenger alleges discrimination under West Virginia Code § 5-11-9, intimidation pursuant to West Virginia Code §§ 61-5-27(b) and 61-5-27(c), and both intentional infliction of emotional distress and negligent infliction of emotional distress arising from the same actions described in the first two counts. The Carelink defendants removed this action to this Court for the second time, this time arguing that Stenger's most recent filings in the state court proceedings demonstrate that the plaintiff is now basing her claims on Carelink's internal decision-making process relating to the administration of her benefits claim under an ERISA plan. Thus, the defendants contend that removal is proper under the complete preemption doctrine pursuant to 29 U.S.C. § 1132(a). The defendants also assert that the plaintiff's discrimination claim as it relates to Carelink's plan administration is completely preempted by ERISA's anti-discrimination provision, 29 U.S.C. § 1140.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### IV. Discussion

A. Remand

A defendant who removes a case to federal court must file a notice of removal. 28 U.S.C. § 1446(a). Where the case is not removable on the basis of the initial pleading, the notice may be filed

> within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b); Lovern v. Gen. Motors Corp., 121 F.3d 160, 161 (4th Cir. 1997). The term "other paper" includes both deposition

transcripts and answers to interrogatories.  Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 845 (S.D. W. Va. 2008).

Rather than focusing on the defendant's subjective knowledge to determine the timeliness of a notice of removal, courts "rely on the face of the initial pleading and on the documents exchanged in the case" and require "that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Lovern, 121 F.3d at 163.  The "other paper" must contain "unequivocal facts" that alert the defendant to the federal claim. Tolley, 591 F. Supp. 2d at 845.

District courts in the Fourth Circuit have held that even if the other paper is "vague," as long as it provides at least some "clue" that federal claims are asserted, the thirty day time period for removal begins to run.  Id. at 849; see also Shonk Land Co., LLC v. Ark Land Co., 170 F. Supp. 2d 660, 662 (S.D. W. Va. 2001); Link Telecommunications, Inc. v. Sapperstein, 119 F. Supp. 2d 536, 541-42 (D. Md. 2000). The defendants argue that the "clue" test is not good law in the Fourth Circuit in light of Lovern.  This Court disagrees.  The defendants cites Harris v. Bankers Life and Casualty Company, 425 F.3d 689 (9th Cir. 2005), for the proposition that Lovern and the "clue" test cannot be reconciled.  In Harris, the Ninth Circuit stated that it disagreed with the "clue" test if "the 'clue' test invokes a duty to investigate beyond the pleadings." Harris, 425 F.3d at 696 n.7.  As stated above, Lovern and the district courts in the Fourth Circuit applying the "clue"

5

test state that a district court cannot impose a subjective standard on defendants, but instead must look to the four corners of a document. The defendants state that the Southern District of West Virginia has applied the "unequivocally clear and certain" standard and points this Court to <u>Tolley</u>. However, <u>Tolley</u> also applies the "clue" test. <u>Tolley</u>, 591 F. Supp. 2d at 849.

In this case, the defendants believe that they timely filed a notice of removal in this case as the response to the motion for summary judgment provided the first instance of an "other paper" showing that the case is removable. The defendants state that the plaintiff's response to the motion for summary judgement stated that plaintiff's claims for discrimination and intimidation include her access to Carelink's records to pursue her complaint and her right to a clear explanation of her appeal rights. The defendants also point to the plaintiff's allegations which allegedly reveal that a focus of the plaintiff's claims will be Carelink's internal decision-making process relating to the administration of her benefits claim under the ERISA plan.

The plaintiff, however, points to a deposition transcript and the plaintiff's answer to an interrogatory to show that the defendants ascertained that the case was removable in 2009. In paragraph six of the notice of removal, the defendants state that the plaintiff made allegations which fall within the ambit of the ERISA statute. The defendants state that the plaintiff alleges she was denied access to Carelink's records when her benefits claim was

denied. On January 8, 2009, the plaintiff answered the defendants' interrogatory 2. The defense counsel also questioned the plaintiff about her answers to this discovery in a deposition on March 27, 2009. In that answer she states that her "access to the Carelink claims handling and complaint and appeal processes have been inhibited or denied." Pl.'s Answer Interrog. 2. In the deposition, the plaintiff stated affirmatively that Carelink prevented her from having access to the insurance commissioner's process not by physically barring her from entering the office, but by blocking access. Stegner Dep. 127, Mar. 27, 2009. She also states in her answer to interrogatory 2 that inquiries were ignored or refused by Carelink and that her initial appeal was ignored. She states she was denied her right to appear before the Carelink Appeal Committee and that she was restricted by Carelink in her contact with the Carelink claim processing group. She further states in her answer that Carelink provided false information to the Insurance Commission.

In her deposition, defense counsel, in asking about her answer to the interrogatories, discussed the portion of the answer in which the plaintiff stated that she had been denied access or granted restricted access to the Carelink complaint and appeal apparatus. She answered in the affirmative that her contention was that Carelink did not administer the aspects of the claim processing apparatus correctly. Stegner Dep. 127, Mar. 27, 2009.

She also stated in her deposition that her claims are all related to a claim for benefits. Id. at 134.

After examining the March 27, 2009 deposition of the plaintiff and the plaintiff's answer to interrogatory 2, dated January 8, 2009, this Court finds that the ERISA claims are evident on the face of those documents. This Court looks solely to the four corners of these papers and find that the grounds for removal are apparent. Lovern, 121 F.3d at 162. This Court cannot agree with the defendants that the response to the motion for summary judgment was the first time that the plaintiff asserted that Carelink discriminated against her because it did not administer the claims apparatus and appeals apparatus properly as the plaintiff admitted in her deposition that Carelink did not administer the claim processing apparatus correctly.

Because this Court finds that removal was untimely in this case, the plaintiff's motion to remand must be granted.

B.   Attorney's Fees and Costs

In addition to a remand, the plaintiff asks that this Court award her the attorney's fees and costs associated with pursuing this motion. With respect to the award of attorney's fees and costs, the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). This Court finds that awarding such fees and costs in this case is inappropriate because

the defendants asserted at least a colorable claim to removal jurisdiction in this Court. Accordingly, this Court finds that the plaintiff's request for an award of attorney's fees and costs should be denied.

## V. Conclusion

For the reasons stated above, the plaintiff's motion for leave to file supplemental memorandum re motion to remand (Document No. 24) is GRANTED and the plaintiff's motion to strike defendants' memorandum of law in support of notice of removal (Document No. 13) is DENIED. Finally, the plaintiff's motion to remand is GRANTED. The plaintiff's request for attorney's fees and costs is DENIED. It is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 27, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE